**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CRIMINAL NO. 3:18-CR-238-MOC-DSC**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) ) | |
| v. | ) ) | **ORDER** |
| TREMAYNE L. DRAKEFORD, | ) ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on retained counsel W. Rob Heroy's "Motion to Withdraw" (document # 11) filed September 18, 2018. The Court conducted a hearing in this matter on September 25, 2018. Present were Defendant, Mr. Heroy, and Assistant U.S. Attorney Lambert Guinn. The Court grants the Motion. Defendant now asks the Court to allow him to proceed pro se.

The United States Supreme Court held in <u>Faretta v. California</u>, 422 U.S. 806, 819 (1975), that the Sixth Amendment implicitly provides a criminal defendant an affirmative right to self-representation. To be effective, "[a]n assertion of the right of self- representation must be (1) clear and unequivocal; (2) knowing, intelligent and voluntary; and (3) timely." <u>United States v. Frazier-El</u>, 204 F.3d 553, 558 (4th Cir. 2000) (internal citations omitted).

The Court engaged in a colloquy with Defendant to determine whether his decision to waive counsel was made knowingly, intelligently and voluntarily. The Assistant U.S. Attorney advised Defendant as to the charges as well as the maximum and minimum penalties he faces.

Trial is set for November 19, 2018. The Court explained that the District Judge and the Government cannot give Defendant legal advice or assistance at trial and that he must follow the same rules of evidence and procedure as an attorney practicing before this Court. Defendant responded that he understood these consequences of self-representation.

As a result of the Court's colloquy, the Court finds that Defendant is not under the influence of alcohol or drugs. He is forty-one years of age. He is not under any physical or mental disability. He is a high school graduate and holds an Associate's Degree in Biblical Studies from West Virginia University. Defendant understands his right to counsel and his right to self-representation. He understands the consequences of self-representation and the charges against him, as well as the minimum and maximum penalties.

Defendant's answers to the Court's questions and his statements during the hearing indicate that he has made a clear and unequivocal as well as a knowing, intelligent and voluntary decision to represent himself and waive his right to counsel. The Court also finds that Defendant understands the consequences of representing himself. Finally, the Court finds that the request is timely. Therefore, for the foregoing reasons, Defendant's Motion to represent himself is **GRANTED**.

The Court also addressed whether or not to appoint standby counsel. The Fourth Circuit has held that "[a]lthough a court may, in its discretion, allow attorney participation [as standby counsel], the Constitution does not mandate it." U.S. v. Stewart, 129 F. App'x 758, 765 (4th Cir. 2005)(quoting U.S. v. Singleton, 107 F.3d 1091, 1097 n.2, 1100 (4th Cir. 1997)). See also McKaskle v. Wiggins, 465 U.S. 168, 184 (1984)("A defendant's Sixth Amendment rights are not violated when a trial judge appoints standby counsel-even over the defendant's objection-to relieve

the judge of the need to explain and enforce basic rules of courtroom protocol or to assist the defendant in overcoming routine obstacles that stand in the way of the defendant's achievement of his own clearly indicated goals. Participation by counsel to steer a defendant through the basic procedures of trial is permissible even in the unlikely event that it somewhat undermines the pro se defendant's appearance of control over his own defense."). Given the totality of the circumstances and in an abundance of caution, the Court directs the Federal Defender to appoint standby counsel for Defendant.

The Clerk is directed to send copies of this Order to counsel for the Government, standby counsel, the Defendant and to the Honorable Max O. Cogburn, Jr.

**SO ORDERED**.

Signed: September 25, 2018

David S. Cayer
United States Magistrate Judge