UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:18-cr-00238-MOC-DSC

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| TREMAYNE LAMONT DRAKEFORD, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the following motions of the *pro se* defendant:

(1) Motion to Suppress Evidence (#14);

(2) Motion Rule 201 Judicial Notice (#17); and

(3) Motion for Public Records (#18).

Perhaps informing those motions are the following, additional *pro se* pleadings not denominated as motions: (1) *Pro Se* Legal Notice of Removal (#15); (2) Pro Se Notice of Public Records Correction (#19); (3) *Pro Se* Memorandum of Law Points and Authorities (#20); Miscellaneous Filing (#21); Affidavit of Truth (#22); Affidavit of Notice of Consulate and Orders to Honor the Sovereign Status of Moorish Americans (#23); and (#24) Miscellaneous Filing. The Court has given close to review to all of these pleadings and, with the exception of the Motion to Suppress Evidence, finds all such filings frivolous. The Court will require the government to file a response to the Motion to Suppress Evidence.

Defendant is cautioned that this Court has received nearly identical frivolous pleadings from others in his position over the years, and they have never resulted in any positive outcome for the filer. Not only are these pleadings meritless, they may end up harming defendant's legal

1

interests as they could contain admissions against interest or be used to assign additional points during the guidelines calculation process (if convicted) if, for example, they demonstrate failure to accept responsibility or obstruction.

Put another way, by being allowed to represent himself – which is an important Constitutional right in and of itself -- defendant must keep in mind that everything he files with this Court has the potential of being a statement against interest and a waiver of another important Constitutional right, which is to remain silent. Defendant is encouraged to be careful in his filings and think about the sources of any boilerplate pleadings he may be encouraged to file. The Court welcomes motions that are based on the law and are applicable to defendant discovering the government's case or developing his own defense; however, the Court will not be long delayed by frivolous motions that waste the public's resources.

Finally, based on the nature of the instant filings, the Court has revisited its allowance of defendant's request to represent himself. The right of self-representation is not contingent on the complexity of the action or how well a defendant represents himself. While defendant is obviously an intelligent person not suffering from any mental defect that would prevent him from representing himself or assisting in his own defense, these pleadings demonstrate that defendant lacks the professional experience and the judgment that comes with that experience to *effectively* represent himself. The Court is mindful, however, that "the competence that is required of a defendant seeking to waive his right to counsel is the competence to waive the right, not the competence to represent himself." Godinez v. Moran, 509 U.S. 389, 399 (1993). Where a defendant is not suffering from a mental illness that impairs his ability to conduct trial proceedings, his "ability to represent himself has no bearing upon his competence to choose self-representation." Id. at 400.

The Court points out defendant's struggles distinguishing between pleadings that are helpful and unhelpful <u>not</u> to be critical of either his performance or his choice to represent himself, but to remind him that he may assert his right to counsel at any time if he believes the task he has taken on is too risky or complex. <u>See</u> <u>United States v. Roof</u>, 225 F. Supp. 3d 394, 400 (D.S.C. 2016). As discussed above, while defendant clearly grasps fundamental legal concepts such as the protections afforded by the Fourth Amendment, he is having difficulty in conveying those ideas uncluttered by matters that have no legal significance. Defendant is reminded that that even lawyers who find themselves as criminal defendants almost always elect representation by counsel, because attorneys recognize that it is hard for anyone to effectively represent themselves as they are too close to their own positions to see the other side.

Defendant is reminded that the Court has employed Mr. Davis -- an experienced defender -- as standby counsel. The Court is confident in his ability to assist defendant in this matter if defendant so elects.

**ORDER**

**IT IS, THEREFORE, ORDERED** that

(1) the government file its Response to defendant's Motion to Suppress Evidence (#14) within 14 days; and

(2) Motion Rule 201 Judicial Notice (#17) and Motion for Public Records (#18) are **DENIED** as frivolous.

Signed: October 1, 2018

Max O. Cogburn Jr
United States District Judge